**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4144

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CELENIA PAULINE GRACELYNN BENNETT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:16-cr-00329-WO-1)

Submitted:  August 23, 2022                    Decided:  August 25, 2022

Before GREGORY, Chief Judge, HEYTENS, Circuit Judge, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** James B. Craven III, Durham, North Carolina, for Appellant.  Tanner Lawrence Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Celenia Pauline Gracelynn Bennett appeals her 10-month revocation sentence. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Bennett's sentence is plainly unreasonable. The Government has declined to file a brief. Although notified of her right to file a pro se supplemental brief, Bennett has not done so. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable." *Id.* "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (cleaned up). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*,

2

872 F.3d at 207 (footnotes omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (cleaned up). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* at 207 (cleaned up).

We conclude that Bennett's sentence is procedurally and substantively reasonable. The district court correctly calculated her policy statement range, considered the relevant statutory factors, and gave sufficiently detailed reasons for selecting its within-range sentence. The court emphasized that Bennett's supervised release violations involved repeatedly lying to her probation officer and expressed concern that Bennett's prior punishments had not deterred her from fraudulent behavior. The court acknowledged that Bennett was receiving mental health treatment and had secured employment, and it recognized her concern for the hardship that her incarceration would place on her family. Nevertheless, the court explained that it believed a sentence at the high-end of the policy statement range was necessary to protect the public and afford adequate deterrence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment and, at this juncture, deny counsel's motion to withdraw. This court requires that counsel inform Bennett, in writing, of the right to petition the Supreme Court of the United States for further review. If Bennett requests that a petition be filed, but counsel believes

3

that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bennett. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*